IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GOSNELL DEVELOPMENT CORPORATION
OF ARIZONA, an Arizona corporation, et al.,

      Plaintiffs,

      vs.                                                                                No. CIV 99-0632 JC/WWD

AMERICAN NATIONAL FIRE INSURANCE
COMPANY, a foreign corporation, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendant ASW Insurers, Inc.'s (ASW) Motion to Dismiss and Supporting Memorandum, filed July 15, 1999 *(Doc. 20)*. ASW argues that this matter should be dismissed as to it on the grounds that Plaintiffs do not have standing to assert a claim against ASW; Plaintiffs are not the real parties in interest with respect to their negligence claim against ASW; and Plaintiffs' negligence claim is barred by the four-year statute of limitations.

**I.      Background**

In February 1992, Plaintiff Gosnell Development Corporation of Arizona (Gosnell) sued Plaintiff Southern California Pre-Stain Corporation (Pre-Stain) in Arizona state court. Gosnell alleged in the Arizona suit that Pre-Stain breached its contract to provide Gosnell siding which met a certain fire spread rating. Pre-Stain had contracted with Fire Research Laboratories, Inc. (Fire Research) to purchase a fire retardant product to treat the siding. In June 1992, Pre-Stain filed

a third-party complaint in the Arizona lawsuit against Fire Research alleging that Fire Research negligently misrepresented that the fire retardant product would have a certain fire spread rating.

At the time Fire Research was sued by Pre-Stain, Fire Research tendered its defense to Great American Insurance Company (Great American). Defendant American National Fire Insurance Company (American National), a wholly owned subsidiary of Great American, had issued Fire Research's insurance policy. However, in March 1991, Linda Melton of Great American wrote Darren Lewis of ASW that Great American was going to cancel Fire Research's insurance because Fire Research manufactured fire retardant paints, not water based latex paints as indicated in the ASW insurance application form.[1] Exhibit 2 (attached to Resp. to ASW's Mot. to Dismiss (Response), filed July 1, 1999). In a letter dated February 11, 1993, Patricia Merrell of Great American wrote Robert Woods of Fire Research to explain why Great American would not defend Fire Research in the Arizona litigation. In sum, Ms. Merrell stated that Great American did not find an "occurrence" of "property damage" as defined in the insurance policy and so Fire Research had no coverage. Exhibit 4 (attached to Response).

The Arizona case eventually settled. As part of the settlement, Fire Research assigned its rights against Great American to Pre-Stain. Pursuant to that assignment of rights, Pre-Stain has the right to pursue Great American in its and Gosnell's names. On June 22, 1999, Fire Research further assigned to Gosnell and Pre-Stain "all of its rights, interest and causes of action against ASW Insurers, Inc. (ASW) arising out of the acts and omissions of ASW's employees and agents in applying for and procuring a general commercial and products liability insurance policy from

---

[1] Mr. Lewis testified in his deposition that in filling out the insurance application form he relied on information provided by Fire Research. Exhibit A (attached to Reply Supp. Mot. to Dismiss, filed July 15, 1999).

American National Fire Insurance Company to insure Fire Research against loss arising from legal liability resulting from the conduct of Fire Research's business operations." Exhibit 5 (attached to Response).

Plaintiffs are suing ASW in this federal lawsuit for negligently identifying in the application for insurance the nature of Fire Research's business as the development and sale of latex paint when ASW should have known that the nature of the business was the development and sale of fire retardant paint products. Plaintiffs allege in their complaint that as a result of ASW's negligence, Fire Research had no coverage for the purportedly inadequate siding, the subject of the Arizona lawsuit.

## II.     Standard of Review

Plaintiffs attached extrinsic materials to their response to this motion to dismiss. In return, ASW attached a deposition transcript to its reply brief. Because the Court has, in its discretion, considered such extrinsic evidence, it is necessary to convert ASW's motion to dismiss into a request for summary judgment under FED. R. CIV. P. 56, and give the parties appropriate notice of such conversion. FED. R. CIV. P. 12(b). The required notice may be actual or constructive, and as noted by the Tenth Circuit in *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 118 S. Ct. 157 (1997), "in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice." *See Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986) (citation omitted) ("[F]ailure to give notice is not reversible error if a party does not attempt to exclude the supporting documents, but files its own sworn affidavits in response.") Under the circumstances before me, I conclude that ASW had adequate constructive notice that this matter could be converted into a

summary judgment motion in that it had the opportunity to, and actually did, respond to Plaintiffs' extrinsic materials. *See McNair v. Lend Lease Trucks, Inc.*, 62 F.3d 651, 656 (4th Cir. 1995).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321-23 (1986). Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). In reviewing a motion for summary judgment, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party." *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995). "Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. Standing

ASW contends that Plaintiffs lack standing to sue it because the injury Plaintiffs suffered resulted from the poorly treated siding not from any alleged negligence in filling out Fire Research's insurance application form. However, "if an injured person assigns his right of action to someone else, the assignee has standing to enforce the right even though he is not the one who was injured by the defendant's wrongdoing." *National Ass'n of Realtors v. National Real Estate Ass'n, Inc.*, 894 F.2d 937, 941 (7th Cir.1990) (citation omitted). That is exactly the case here. Fire Research recently assigned all causes of actions against ASW to Plaintiffs. Consequently, I find that Plaintiffs have standing to sue ASW.

### IV. Real Parties in Interest

ASW also argues that Plaintiffs are not real parties in interest with respect to their negligence claim against ASW. Specifically, ASW asserts that Fire Research did not assign to Plaintiffs any right to pursue ASW for negligence. At the time ASW served its motion to dismiss, Fire Research indeed had not assigned to Plaintiffs any right to pursue ASW for negligence. However, as indicated *supra*, Fire Research has since assigned to Plaintiffs its rights, interests, and causes of actions against ASW. ASW's argument that Plaintiffs are not real parties in interest, therefore, fails.

### V. The Four-Year Statute of Limitations

Finally, ASW contends that Plaintiffs failed to meet the four-year statute of limitations for professional negligence actions. As a preliminary matter, the Court notes that an assignee stands in the shoes of an assignor. *See Michel v. J's Foods, Inc.*, 99 N.M. 574, 577, 661 P.2d 474, 477 (1983). Consequently, an assignee's cause of action accrues at the same time as the assignor's did.

*See United States v. Frisk*, 675 F.2d 1079, 1082 (9th Cir. 1982). Since Fire Research is the assignor in this case, I will focus on the accrual of Fire Research's negligence cause of action against ASW in determining whether there is a violation of the appropriate statute of limitations.

Because jurisdiction in this Court is based upon diversity of citizenship, the Court applies the statute of limitations of the forum state, New Mexico. *Zamora v. Prematic Serv. Corp.*, 936 F.2d 1121, 1122 (10th Cir. 1991). The New Mexico statute of limitations for professional negligence lawsuits is four years. 1978 N.M.S.A. § 37-1-4. *See Spurlin v. Paul Brown Agency, Inc.*, 80 N.M. 306, 306-07, 454 P.2d 963, 963-64 (1969) (four-year statute of limitations applies to cause of action based on negligence of insurance agent-based on predecessor statute of 1953 N.M.S.A. § 23-1-4). "A professional negligence cause of action accrues, and the limitation period begins to run, when the client sustains an 'actual injury' and 'the client discovers, or through reasonable diligence should discover, the facts essential to the cause of action.'" *Wiste v. Neff and Co.*, *CPA*, 126 N.M. 232, 234, 967 P.2d 1172, 1174 (Ct. App.), *cert. denied.*, 126 N.M. 34, 972 P.2d 353 (1998) (quoting *Sharts v. Natelson*, 118 N.M. 721, 724, 885 P.2d 642, 645 (1994)). Both the actual injury and knowledge elements must be met individually to determine whether a professional negligence cause of action has accrued. *Id*.

### A. Actual Injury

When the cause of action arises out of a negligent failure to obtain insurance coverage, the actual injury to the insured occurs when the suit charging the insured with liability is filed. *Spurlin*, 80 N.M. at 307, 454 P.2d at 964. In this case, the third-party suit against Fire Research was filed in June 1992. Fire Research, therefore, sustained an actual injury in June 1992. More than four years elapsed since the actual injury and Plaintiffs' filing of this lawsuit in 1999.

### B. Discovery of the Facts Upon Which the Cause of Action is Based

The evidence before the Court indicating a basis for Plaintiffs' negligence claim against ASW is two-fold. First, there is the March 1991 letter from Linda Melton of Great American to Darren Lewis of ASW explaining that Fire Research's insurance would be canceled because it sells fire retardant paint products. Second, the actual insurance application form incorrectly shows that the nature of Fire Research's business concerned water based latex paints, not fire retardant products. Fire Research apparently was never sent a copy of the March 1991 letter although its insurance coverage was subsequently terminated in April 1991. Additionally, a copy of the insurance application form was not sent to Fire Research for review. Under these circumstances, Fire Research did not have before it the facts which form the basis for its negligence claim against ASW. However, one wonders why Fire Research did not ask ASW in 1991 or during the Arizona litigation in 1992 why its insurance was canceled. The answer to that simple question would have revealed the factual basis for the negligence claim. I find that through reasonable diligence, Fire Research should have discovered the facts of the negligence claim at the earliest in1991 and at the latest in 1992. Taken together with the date of actual injury in 1992, I further find that Fire Research's negligence claim accrued in 1992. More than four years having elapsed since then and the filing of this lawsuit, I conclude that Plaintiffs, as assignees of Fire Research's negligence claim, have failed to comply with the New Mexico statute of limitations.

## VI. Fraudulent Concealment

Plaintiffs moreover argue that the statute of limitations should be equitably tolled because of Defendants' fraudulent concealment of the negligence claim. For a statute of limitations to be

equitably tolled on grounds of fraudulent concealment, a party must plead and prove: (1) use of fraudulent means by the party who raises the ban of the statute; (2) successful concealment from the injured party; (3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence could not have known that he might have a cause of action. *State of Colorado ex rel. Colorado Attorney Gen. v. Western Paving Constr. Co.*, 833 F.2d 867, 874 (10th Cir. 1987), *vacated on other grounds*, 841 F.2d 1025 (1988), *cert. denied*, 488 U.S. 870 (1988); *King & King Enter. v. Champlin Petroleum Co.*, 657 F.2d 1147, 1154 (10th Cir. 1981), *cert. denied*, 454 U.S. 1164 (1982). Plaintiffs have the burden to show that despite due diligence, some affirmative act prevented the discovery of the facts which are the basis of the cause of action. *King & King Enter.*, 657 F.2d at 1154.

In this instance, ASW and Great American did not commit an affirmative act to conceal the March 1991 letter and insurance application form from Fire Research. On the contrary, ASW and Great American simply did not do anything, i.e., they did not send copies of those documents to Fire Research. Furthermore, there is the issue of due diligence by Fire Research. There is no reason to believe that if Fire Research had asked ASW and Great American to produce copies of both the March 1991 letter and insurance application form, ASW and Great American would not have done so. Plaintiffs have simply failed to carry their burden of demonstrating that they are entitled to equitable tolling of the statute of limitations under a fraudulent concealment theory. I, therefore, conclude that summary judgment is appropriate on the issue of the statute of limitations and ASW should be dismissed as a party to this cause.

Wherefore,

IT IS ORDERED that Defendant ASW Insurers, Inc.'s (ASW) Motion to Dismiss and Supporting Memorandum, filed July 15, 1999 *(Doc. 20)* is **granted in part** for Plaintiffs' failure to meet the New Mexico statute of limitations.

IT IS FURTHER ORDERED that this matter is dismissed with prejudice as to Defendant ASW.

DATED this 3rd day of August, 1999.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

　　Thomas J. McBride
　　Robert D. Taichert
　　Hinkle, Cox, Eaton, Coffield & Hensley
　　Albuquerque, New Mexico

　　Marty Harper
　　Goodwin Raup P.C.
　　Phoenix, Arizona

Counsel for Defendant ASW:

　　H. Nicole Schamban
　　Narvaez Law Firm, P.A.
　　Albuquerque, New Mexico