**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GOSNELL DEVELOPMENT CORPORATION
OF ARIZONA, an Arizona corporation, et al.,

      Plaintiffs,

      vs.                                                                         No. CIV 99-0632 JC/WWD

AMERICAN NATIONAL FIRE INSURANCE
COMPANY, a foreign corporation, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiffs' Motion to Amend Complaint *(Doc. 16)*, filed July 1, 1999. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that Plaintiffs' motion is not well taken and will be denied.

**I.**     **Background**

Plaintiffs filed their original Complaint on May 7, 1999, in the Second Judicial District Court, County of Bernalillo, State of New Mexico. Defendant ASW Insurers, Inc. ("ASW") removed the action to the United States District Court for the District of New Mexico on June 7, 1999, based on 28 U.S.C. § 1332 diversity of citizenship jurisdiction.

Plaintiffs filed their Motion to Amend Complaint after having been assigned all rights, interests and causes of action against ASW from Fire Research Laboratories, Inc. ("Fire Research"). Plaintiffs seek to amend the original complaint based on the belief that Defendants American National Fire

Insurance Company ("American National") and ASW each owed a fiduciary duty to Fire Research, and such duties notwithstanding, Defendants fraudulently concealed the negligence of ASW in preparation of Fire Research's application for a general commercial liability insurance policy.[1]

On July 15, 1999, Defendant ASW filed a Motion to Dismiss and Supporting Memorandum *(Doc. 20)*, and on July 29, 1999, filed a Memorandum in Opposition to Motion to Amend Complaint *(Doc. 25)*. On July 29, 1999, Plaintiffs concurrently filed a Reply to Defendant ASW Insurers, Inc.'s Opposition to Motion to Amend Complaint *(Doc. 26)*. On August 3, 1999, this Court granted in part Defendant ASW's Motion to Dismiss and dismissed ASW as a party to this lawsuit on the ground that the relevant statute of limitations had run on the negligence claim against ASW *(Doc. 28)*.

## II.    Discussion

Leave to amend a pleading to which a responsive pleading has already been filed "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and the "court may deny leave to amend where amendment may be futile." *Jefferson County Sch. Dist. v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 869 (10th Cir. 1999). *See also TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir.), *cert. denied*, 506 U.S. 999 (1992); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991); *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).

---

[1] ASW is an authorized agent of American National. American National is a wholly owned subsidiary of Great American Insurance Company ("Great American"). ASW applied for and secured the commercial liability policy from Great American through American National, and it was Great American which denied coverage to Fire Research on a commercial liability claim in February of 1993.

Plaintiffs' proposed amended complaint includes one material change: the addition of a fraudulent concealment allegation against both named Defendants, American National and ASW. In the Memorandum Opinion and Order, filed August 3, 1999, I granted Defendant ASW's Motion to Dismiss. Because ASW is no longer a party to this lawsuit, the proposed amendment alleging fraudulent concealment against them is futile.

Further, the Memorandum Opinion and Order also renders futile the proposed amendment with regard to American National. In reaching the decision to grant summary judgment on the statute of limitations issue *(Doc. 28, Section VI)*, I found that Plaintiffs failed to demonstrate that they are entitled to a tolling of the statue of limitations under a fraudulent concealment theory. That finding obviates the inclusion of a fraudulent concealment claim against Defendant American National. In sum, I find that Plaintiffs' Motion to Amend Complaint is not well taken and should, therefore, be denied.

Wherefore,

IT IS ORDERED that Plaintiffs' Motion to Amend Complaint *(Doc. 16)*, filed July 1, 1999, is **denied**.

DATED this 9th day of August, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

    Thomas J. McBride
    Robert D. Taichert
    Hinkle, Cox, Eaton, Coffield & Hensley
    Albuquerque, New Mexico

    Marty Harper
    Goodwin Raup P.C.
    Phoenix, Arizona

Counsel for Defendant American National:

    James H. Johansen
    Butt, Thornton & Baehr, P.C.
    Albuquerque, New Mexico

Counsel for Defendant ASW:

    H. Nicole Schamban
    Narvaez Law Firm, P.A.
    Albuquerque, New Mexico