IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GOSNELL DEVELOPMENT CORPORATION
OF ARIZONA, an Arizona corporation; and
SOUTHERN CALIFORNIA PRE-STAIN
CORPORATION, a California corporation,

        Plaintiffs,

        vs.                                     No. CIV 99-0632 JC/WWD (ACE)

AMERICAN NATIONAL FIRE INSURANCE
CO., a foreign corporation; ASW INSURERS,
INC., a New Mexico corporation, and DOES I-X,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiffs' Motion to Reconsider ASW's Motion to Dismiss/Motion for Summary Judgment *(Doc. 41)* ("Motion"), filed December 8, 1999. Plaintiffs request the Court to reconsider its decision to dismiss ASW Insurers ("ASW") based on Plaintiffs' failure to comply with New Mexico's four-year statute of limitations for professional negligence suits. The factual background of this case is described in the Court's Memorandum Opinion and Order *(Doc. 28)* filed on August 3, 1999 and does not bear repeating here. The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiffs' Motion is not well taken and will be denied.

**I.**     **Discussion**

Plaintiffs essentially asserts two grounds as bases for reconsideration of the Court's dismissal of ASW as a Defendant: 1) Fire Research had no knowledge of the facts upon which the cause of

action is based; and 2) the Court misapprehended Plaintiffs' argument regarding Defendants' fraudulent concealment.

> 1. *Fire Research had no knowledge of the facts
> upon which the cause of action is based*

Plaintiffs claim that Fire Research had no knowledge that its insurance policy had been canceled until 1998. Plaintiffs point to the affidavit of Robert Woods, president of Fire Research, as evidence that Fire Research did not have notice of the cancellation of its policy until Daren Lewis gave his deposition on May 6, 1998. *See* Woods Aff., Ex. 1 (attached to Plaintiffs' Motion). Plaintiffs also contend that a letter sent from American National Fire Insurance Co. ("American National") to Fire Research on February 11, 1993, is further evidence of Fire Research's lack of knowledge, because the letter disclaimed any duty of American National to defend or indemnify Fire Research in the Arizona lawsuit without mentioning the policy cancellation.

Mr. Woods' affidavit adds little to Plaintiffs' argument. His testimony merely indicates that he lacked knowledge of the policy cancellation, without addressing whether he acted with "reasonable diligence [to] discover the facts essential to the cause of action." *Wiste v. Neff and Co.,* 126 N.M. 232, 234, 967 P.2d 1172, 1174 (Ct. App.), *cert. denied*, 126 N.M. 34, 972 P.2d 353 (1998) (quoting *Sharts v. Natelson*, 118 N.M. 721, 724 885 P.2d 642, 645 (1994)). In addition, the February 1993 letter notes that "Fire Research . . . carried an American National Fire Insurance Company policy . . . *with effective dates from June 8, 1990 to April 17, 1991*." Letter at 2, Ex. 4 (attached to Pls.' Resp. to ASW's Mot. to Dismiss *(Doc. 17)*, filed July 1, 1999 (emphasis added)). Thus, I am not convinced that the letter fails to mention the policy cancellation. At the least, Fire Research was on notice as of February 1993 that American National was disclaiming its duty to defend and indemnify. Despite

the letter's invitation to Fire Research to furnish additional information regarding its coverage decision, Plaintiffs provide no evidence that Fire Research inquired any further as to the reasons for American National's refusal to defend and indemnify. Therefore, even accepting Plaintiffs' contention, neither Mr. Woods' affidavit testimony nor the letter of February 1993 call into question the Court's finding that "through reasonable diligence, Fire Research should have discovered the facts of the negligence claim." Mem. Op. and Order *(Doc. 28)* at 7.

> 2. *The Court misapprehended Plaintiffs' argument regarding Defendants' fraudulent concealment*

Plaintiffs' argue that American National and ASW failed to disclose to Fire Research the insurance application which misrepresented the nature of Fire Research's business, and also failed to notify Fire Research of the policy cancellation. Plaintiffs assert that Defendants' failure to disclose these "critical material facts" constitute fraudulent concealment *per se* and require tolling the statute of limitations for the cause of action against ASW.[1] However, "[a] plaintiff who alleges that the statute has been tolled by fraud, either active or passive, must establish that she did not have the means to discover the fraud." *Keithley*, 102 N.M. at 570, 698 P.2d at 440. Further, "it must appear that the fraud not only was not discovered, but *could not have been discovered with reasonable diligence.*" *Id.* at 570, 698 P.2d at 440 (quoting *Carrow v. Streeter*, 410 N.E.2d 1369, 1375 (Ind. App. 1980) (emphasis added)). Plaintiffs fail to establish that Fire Research lacked the means to discover the misrepresentations on its application for insurance or the cancellation of its policy. Nor do they demonstrate that an exercise of due diligence on Fire Research's part would fail to discover

---

[1] Plaintiffs cite three New Mexico medical malpractice cases for this proposition: *Armijo v. Regents of Univ. of NM*, 103 N.M. 183, 704 P.2d 437 (1984); *Keithley v. St. Joseph's Hosp.*, 102 N.M. 565, 698 P.2d 435 (1984); *Garcia v. Presbyterian Hosp. Ctr.*, 92 N.M. 652, 593 P.2d 487 (1979).

this information. To the contrary, as noted above, this Court found that through reasonable diligence Fire Research should have discovered the relevant facts. Therefore, Plaintiffs' argument based on fraudulent concealment fails.

## II. Conclusion

For all the reasons above, Plaintiffs' Motion to Reconsider ASW's Motion to Dismiss/Motion for Summary Judgment will be denied.

Wherefore,

IT IS ORDERED that Plaintiffs' Motion to Reconsider ASW's Motion to Dismiss/Motion for Summary Judgment is **denied**.

DATED this 14th day of February, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | Marty Harper<br>Ernest Collins, Jr.<br>Goodwin Raup PC<br>Phoenix, Arizona |
| | Robert D. Taichert<br>Thomas McBride<br>Hinkle, Cox, Eaton, Coffield & Hensley, L.L.P.<br>Albuquerque, New Mexico |
| Counsel for Defendants: | H. Nicole Schamban<br>Narvaez, Slease & Schamban, P.A.<br>Albuquerque, New Mexico |
| | James H. Johansen<br>Butt, Thornton & Baehr, P.C.<br>Albuquerque, New Mexico |