IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GOSNELL DEVELOPMENT CORPORATION
OF ARIZONA, an Arizona corporation; and
SOUTHERN CALIFORNIA PRE-STAIN
CORPORATION, a California corporation,

        Plaintiffs,

        vs.                                                      No. CIV 99-632 JC/WWD  (ACE)

AMERICAN NATIONAL FIRE INSURANCE CO.,
a foreign corporation; ASW INSURERS, INC., a
New Mexico corporation, and DOES I-X,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant's Motion for Partial Summary Judgment regarding bad faith ("Bad Faith Motion"), filed May 5, 2000 *(Doc. 75)*, Defendant's Motion for Summary Judgment on Collusive Settlement/Judgment ("Collusive Settlement Motion"), filed May 5, 2000 *(Doc. 77)*, Plaintiffs' Motion for Oral Argument, filed May 23, 2000 *(Doc. 80)*, Plaintiffs' Motion to file a supplement to their briefs on the summary judgment motions in this case ("Motion to Supplement"), filed May 24, 2000 *(Doc. 81)*, and Plaintiffs' Motion to Strike Defendant's Separate Statement of Fact Presented in Connection with Defendant's Motion for Summary Judgment on Collusive Settlement and Judgment ("Motion to Strike"), filed June 5, 2000 *(Doc. 88)*.

The Court has reviewed the motions, the memoranda and exhibits submitted by the parties and the relevant authorities, and has determined that oral argument would not be of material assistance in the determination of these motions. Therefore, Plaintiffs' Motion for Oral Argument will be denied as to these motions. The Court further finds that Defendant's Bad Faith Motion is well

taken and will be granted, that Defendant's Collusive Settlement Motion is not well taken and will be denied, and that Plaintiffs' Motion to Supplement and Motion to Strike will be denied as moot.

**Factual Background**

On February 11, 1992, Gosnell Development Corporation ("Gosnell") filed a lawsuit against Southern California Pre-Stain Corporation ("Pre-Stain"). On June 29, 1992, Pre-Stain filed a third-party complaint against Fire Research Laboratories ("Fire Research"). Fire Research notified its insurance carrier, American National Insurance Company ("American National"), of the third-party complaint filed by Pre-Stain. American National provided no defense for Fire Research and denied its duty to defend on February 11, 1993. Subsequently, Fire Research entered into a settlement agreement with Gosnell and Pre-Stain in which Fire Research agreed to accept a judgment in the amount of $1,250,000 and assign its rights against American National in exchange for a covenant not to execute on the judgment. On August 29, 1997, judgment was entered against Fire Research pursuant to the terms of the settlement agreement entered into by Gosnell, Pre-Stain and Fire Research.

In the case before the Court, Plaintiffs, as assignees of Fire Research, bring suit against Defendant American National, alleging breach of contract and insurance bad faith. The parties have agreed to resolve this matter following the Court's rulings on the motions addressed in this Opinion.

**Standard**

Summary judgment is only appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The court must "view the evidence and draw any

inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury. *See Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)).

**Discussion**

The parties raise the following issues in their summary judgment motions: 1) whether Defendant American National acted in bad faith when it breached its duty to defend Fire Research against a third-party complaint filed by Pre-Stain, 2) whether Fire Research entered into a good faith, reasonable settlement agreement with Gosnell and Pre-Stain.

*A.    Bad Faith Motion*

Defendant argues that it legitimately disclaimed its duty to defend because there was no occurrence under its policy and because Exclusion M excluded coverage under the policy.[1]  *See* Def.'s Mem. Brief in Supp. of Def.'s Bad Faith Mot. at 3, filed May 5, 2000 *(Doc. 76)*. Plaintiffs contend that American National exhibited bad faith by conducting an inadequate investigation, "primarily because it failed to investigate any of the negligence allegations." Pls.' Resp. to Def.'s Bad Faith Mot. at 9, filed June 5, 2000 *(Doc. 86)*.

An insurance company's "failure to defend after being requested to do so may amount to bad faith, depending on the facts." *State Farm Fire and Cas. Co. v. Price*, 101 N.M. 438, 446, 684 P.2d 524, 532 (1984). An insurer has a duty to "conduct a timely investigation and fair evaluation of its duty to defend," and its refusal to defend constitutes bad faith where "the terms of the insurance policy do not provide a reasonable basis for the refusal." UJI 13-1703 NMRA 1999. Additionally,

---

[1] I noted in a previous opinion that it may not have been unreasonable for American National to conclude that Pre-Stain's complaint alleges the type of damages excluded from coverage under Exclusion M.  *See* Mem. Op. and Order at 11, filed June 30, 2000 *(Doc. 95)*.

I assume, without deciding, that under the holdings of *G & G Servs., Inc. v. Agora Syndicate, Inc.*, 993 P.2d 751 (2000), New Mexico imposes a duty on an insurance company to independently investigate the underlying factual basis of a claim against its insured in determining its duty to defend. Thus, Plaintiffs' Motion to Supplement its argument regarding the significance of *Agora* is rendered moot and will be denied.

Plaintiffs contend that Defendant's investigation was inadequate because Ms. Merrell did not specifically instruct her investigator to look into the negligence allegations. However, I find that the investigator's assignment to "establish the facts regarding problems with the fire retardant . . . . [and] develop . . . info regarding the arbitration," is sufficiently broad to include allegations of negligence within its scope. Letter from Ms. Merrell to Ms. Sieber, Ex. 5 attached to Pls.' Resp. Moreover, Plaintiffs do not point to any evidence suggesting that Ms. Merrell or American National limited, impeded, or curtailed the investigation.

Plaintiffs also challenge Ms. Merrell's characterization of a letter, written in response to Fire Research's tender of its lawsuit, as a "reservation of rights" letter. Because American National never provided a defense to Fire Research, I agree with Plaintiffs that Ms. Merrell probably incorrectly referred to the September 29, 1992 letter as a "reservation of rights." Nevertheless, while I find the letter lacking in clarity, there is no indication that Fire Research misinterpreted the letter as expressing a reservation of rights. Indeed, the fact that Fire Research retained counsel suggests that it understood the letter to be a disclaimer of Defendant's duty to defend. Defendant's erroneous decision to refuse to defend does not automatically constitute bad faith. While Ms. Merrell's description of the letter may indicate her lack of knowledge regarding the difference between reserving an insurer's rights and disclaiming its duty to defend, I find that it is insufficient evidence to support an inference of bad faith.

Finally, I find little significance in the testimony of Plaintiffs' expert witness, John O'Connell. Many of Mr. O'Connell's comments are irrelevant because they assert only that Defendant breached its duty to defend. As noted above, a simple finding that an insurer breached its duty to defend does not inevitably lead to a conclusion that the insurer acted in bad faith. Mr. O'Connell also contends that Defendant failed to conduct an adequate investigation into the claims against its insured. However, Mr. O'Connell does not describe how the allegedly inadequate investigation resulted in an unfair evaluation of Defendant's duty to defend, or caused Defendant to deny a defense without a reasonable basis.

Plaintiffs fail to present evidence that raises a genuine issue of material fact of whether American National unfairly evaluated its duty to defend or disclaimed its duty to defend without a reasonable basis. Thus, after reviewing the evidence and assuming all inferences in favor of Plaintiffs, I find that Plaintiffs have not identified sufficient evidence to justify sending the bad faith issue to a jury. Accordingly, the Court will grant Defendant's Bad Faith Motion, and Plaintiffs' claim that Defendant American National failed to defend Fire Research in bad faith will be dismissed with prejudice.

> B.   *Collusive Settlement Motion*

Defendant contends that it is not liable for the judgment against Fire Research because Fire Research entered into a collusive settlement with Gosnell and Pre-Stain when it agreed to accept a judgment of liability in the amount of $1,250,000 in return for a covenant not to execute on the judgment. Defendant claims that the settlement judgment in this case is collusive because the parties were secretive, failed to engage in serious negotiations, attempted to affect insurance coverage, and allowed Fire Research to retain a direct interest in any recovery against Defendant. As support for its argument, Defendant points to *Continental Casualty Co. v. Westerfield*, 961 F. Supp. 1502

(D.N.M. 1997) ("*Westerfield I*") in which I determined that a settlement agreement entered into by Frank Westerfield was collusive as a matter of law. In that case, I found that a stipulated judgment with a covenant of non-execution was collusive as a matter of law where the judgment amount was well in excess of the original settlement demand, the insured retained a 10% interest in any judgment obtained against his insurer, the parties strategically manipulated insurance coverage, and a sham trial was put on before a judge "who believed the proceedings before him were truly adversarial." *Id.* at 1507. However, I find that the facts of this case are distinguishable from those of *Westerfield I*.

While a difference of $880,450 between the final judgment and the original settlement demand in this case is substantial, it does not approach the magnitude of the $24.5 million difference described in *Westerfield I*. Further, there is no evidence in this case of elaborate attempts to preserve the illusion of adversity by enacting a scripted trial. Defendant points out that Fire Research retains an interest in this lawsuit, because the settlement agreement provides for Fire Research to recover its attorney fees from a judgment against American National. However, unlike the 10% interest retained by the insured in *Westerfield I*, this provision essentially reimburses Fire Research's legal expenses. Because Fire Research does not stand to profit from any judgment against American National, there is no motivation on its part to seek a maximum judgment against its carrier. Finally, even assuming that Defendant's evidence supports an inference that Fire Research entered into a collusive settlement, I find that the evidence also supports a conclusion that Fire Research entered into a reasonable settlement agreement in good faith.

This Court noted that the New Mexico Supreme Court would sympathize with an insured's dilemma when its "insurer either fails to defend or defends under a reservation of rights," and would not penalize the insured for attempting to protect its assets by entering into a reasonable settlement with the injured. Mem. Op. on No Risk Issue, *Continental Cas. v. Westerfield*, No. CIV 94-0412

JC/WWD (D.N.M. Jun. 6, 1997) ("*Westerfield II*").  One test of whether a settlement is reasonable is to determine "what a reasonably prudent person in the insureds' position would have settled for on the merits of the claimant's case.  This involves evaluating the facts bearing on the liability and damage aspects of claimant's case, as well as the risks of going to trial."  *Munzer v. Feola*, 985 P.2d 616, 621 (Ariz. Ct. App. 1999) (citation and internal quotations omitted).  Defendant argues that the attorneys' negotiation letters are evidence that Fire Research's potential liability was less than the final settlement amount of $1,250,000.  On the other hand, the arbitration award against Gosnell is evidence that the liability of Fire Research could approach the settlement amount.  This evidence is sufficient to raise a genuine issue of material fact regarding the reasonableness of the settlement amount.  Moreover, I find that the task of assessing the impact of the arbitration award and evaluating the meaning of settlement offers is better left for the fact-finder at trial.

Plaintiffs assert that at the time of the settlement offer Fire Research was facing litigation from both Gosnell and Pre-Stain with a potential exposure of up to $1,250,000 and having spent approximately $30,000, Fire Research " had no more funds to defend ourselves."  Woods Dep. at 71-72, Ex. 4 attached to Pls.' Resp. to American National Fire Ins. Co.'s Collusive Settlement Mot., filed June 5, 2000 *(Doc. 87)*.  Given these circumstances and the fact that American National refused to defend Fire Research, a reasonable jury could conclude that Fire Research acted reasonably and in good faith when it entered into an agreement that would allow it to avoid further litigation and recoup its defense expenditures.  Accordingly, Defendant's Collusive Settlement Motion will be denied.  Because the Court will deny Defendant's Collusive Settlement Motion, Plaintiff's Motion to Strike is rendered moot and will also be denied.

**Conclusion**

Plaintiffs' Motion for Oral Argument will be denied. The Court finds that Plaintiff fails to present evidence that raises a genuine issue of whether Defendant American National refused to defend Fire Research in bad faith. Therefore, Defendant's Bad Faith Motion will be granted. The Court further finds that genuine issues of fact and intent exist regarding whether Fire Research entered into a reasonable, good faith settlement agreement with Gosnell and Pre-Stain. Thus, Defendant's Collusive Settlement Motion will be denied. Finally, Plaintiffs' Motion to Supplement and Motion to Strike will be denied as moot.

Wherefore,

IT IS ORDERED that Plaintiffs' Motion for Oral Argument *(Doc. 80)* is **denied**.

IT IS ORDERED that Defendant's Motion for Partial Summary Judgment regarding bad faith *(Doc. 75)* is **granted**, and Plaintiffs' claim that Defendant American National failed to defend Fire Research in bad faith is dismissed with prejudice.

IT IS ORDERED that Defendant's Motion for Summary Judgment on Collusive Settlement/ Judgment *(Doc. 77)* is **denied**.

IT IS ORDERED that Plaintiffs' Motion to file a supplement to their briefs on the summary judgment motions in this case *(Doc. 81)* and Plaintiffs' Motion to Strike Defendant's Separate Statement of Fact Presented in Connection with Defendant's Motion for Summary Judgment on Collusive Settlement and Judgment *(Doc. 88)* are **denied** as moot.

DATED this 4th day of August, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**